UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DAVID ROMO, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6: 17-73-DCR |
| | ) |
| v. | ) |
| | ) |
| J. RAY ORMOND, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate David Romo has filed an original and two amended petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record Nos. 1, 10, 12] This matter is before the Court to conduct an initial screening. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny the requested relief and dismiss the petitions because Romo's claims cannot be asserted under 28 U.S.C. § 2241 and because they lack merit.

**I.**

Romo was indicted in Austin, Texas, in July 2011 for his role in a large-scale drug trafficking ring operated by the Texas Mexican Mafia. The government filed a notice pursuant to 21 U.S.C. § 851 that Romo was subject to an enhanced sentence because he had up to 17 prior convictions dating back to 1972. The prior convictions included illegal possession of firearms, drug possession, and drug trafficking. As a result, Romo faced a mandatory minimum sentence of twenty years to life imprisonment under 21 U.S.C. § 841(b)(1)(A).

Romo pled guilty (without a written plea agreement) to conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 846. The trial court imposed a 280-month sentence in December 2011. Romo did not appeal, and the trial court later denied his initial motion filed pursuant to 28 U.S.C. § 2255 as untimely. In November 2015, the trial court granted an agreed motion to reduce Romo's sentence to 240 months of imprisonment pursuant to Amendment 782 to the Sentencing Guidelines. *United States v. Romo*, No. 1: 11-CR-360(12) (E.D. Tex. 2011).

In a separate criminal prosecution in this Court, on May 27, 2015, Romo pled guilty to a single count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. As part of his plea agreement with the government, Romo expressly waived his right to appeal or collaterally attack his conviction or sentence except on grounds of ineffective assistance of counsel. Romo was sentenced in August 2015 to 235 months of imprisonment to run concurrently with his prior federal sentence from Texas, a sentence enhanced pursuant to the career offender provision in U.S.S.G. § 4B1.1. *United States v. Romo*, No. 6:14-CR-21-GFVT (E.D. Ky. 2014).

Romo argues in his current petition that the sentence enhancement imposed in Texas pursuant to 21 U.S.C. § 841(b)(1)(A) violates his due process and equal protection rights because his prior convictions were not evaluated as possible predicate offenses using the same "categorical approach" described in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), which is applied to evaluate prior convictions for possible sentence enhancements imposed pursuant to 18 U.S.C. § 924(e)(2).

**II.**

A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

To properly invoke the savings clause, the petitioner must be asserting a claim that she is "actual innocent" of the underlying offense by showing that after the petitioner's conviction

became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which she was convicted in a manner that establishes that her conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Romo's petition will be denied because his claims are not ones of actual innocence, and are not cognizable in a § 2241 petition. Romo asserts that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) is unconstitutional because it was not the product of the categorical approach applicable to enhancements under 18 U.S.C. § 924(e)(2). First, this is not a claim based upon statutory interpretation but a constitutional claim which falls outside the purview of § 2241. Second, it is not a claim based upon *Mathis* at all. Instead, it is predicated on the categorical approach, a doctrine established more than a decade before Romo's sentence was imposed. See *Taylor v. United States*, 495 U.S. 575, 600-601 (1990); *Shepard v. United States*, 544 U.S. 13, 26 (2005). Thus, it is a claim he could and must have asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. As a result, his claims may not be pursued under § 2241.

Romo also challenges his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does

not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Romo's claim fails to satisfy at least the first and third requirements of *Hill*. Romo was sentenced in 2011, long after *Booker* was decided, under a discretionary guidelines regime. And as noted above, Romo's claims are not based upon any recent Supreme Court decision. Instead, he seeks to challenge the limited applicability of the categorical approach on constitutional grounds, a situation in effect for decades before his sentence was imposed. Therefore, Romo's challenge to his sentence falls outside the limited exception articulated in *Hill*.

And of equal importance, Romo's claim is wholly without merit. Determining whether a prior conviction was for a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) may involve a complex assessment of whether the prior offense involved the manufacture, distribution, or possession with intent to do one of these things within the meaning of the statute. *Cf. United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016). When making that assessment, the categorical approach guides the district court when

comparing each of the numerous elements which collectively constitute the underlying offense against the elements of its generic counterpart. *See*, e.g., *Taylor*, 495 U.S. at 591. But Romo's sentence was not enhanced under this statute. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed numerous "felony drug offenses." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense: (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs. Given the breadth of this definition the use of the categorical approach is neither necessary nor appropriate. The more complex analysis described in *Taylor* and *Mathis* is not relevant to Romo's circumstances.

### III.

Romo's petition fails to establish any basis for habeas relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Romo's original and amended petitions for a writ of habeas corpus [Record Nos. 1, 10, 12] are **DENIED**.

2. A corresponding Judgment will be entered this date.

3. This matter is **DISMISSED,** with prejudice, and **STRICKEN** from the docket.

This 14th day of September, 2017.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge